**LINEAR TECHNOLOGY CORPORATION,**
Plaintiff/Counterclaimant–Appellant,

v.

**IMPALA LINEAR CORPORATION, Toyoda Automatic Loom Works, Ltd., and Analog Devices, Inc., Defendants,**

and

**Maxim Integrated Products, Inc., Defendant/Counterclaim Defendant–Cross Appellant,**

and

**Unitrode Corporation, Defendant,**

and

**Ronald Vinsant, Counterclaim Defendant–Appellee.**

Linear Technology Corporation, Plaintiff/Counterclaimant– Appellant,

v.

Impala Linear Corporation, Toyoda Automatic Loom Works, Ltd., and Analog Devices, Inc., Defendants,

and

Maxim Integrated Products, Inc., Defendant/Counterclaim Defendant,

and

Unitrode Corporation, Defendant/Counterclaim Defendant–Cross Appellant,

and

Ronald Vinsant, Counterclaim Defendant.

Nos. 02–1569, 02–1570, 02–1576 and 02–1599.

United States Court of Appeals, Federal Circuit.

DECIDED: April 30, 2003.

Before BRYSON, Circuit Judge.

### ORDER

Linear Technology Corporation and Unitrode Corporation jointly move to dismiss their appeal and cross appeal with respect to each other, 02–1570 and 02–1599. Maxim Integrated Products, Inc. provides a notice of supplemental authority pursuant to Fed. R. App P. 28(j).

Linear states that it will respond to Maxim's supplemental authority in its brief. Pursuant to the recently amended federal rule, Linear must respond to the supplemental authority in a letter that is similarly limited to no more than 350 words.

Accordingly,

IT IS ORDERED THAT:

(1) The joint motion to dismiss 02–1570 and 02–1599 is granted.

(2) Each side shall bear its own costs in 02–1570 and 02–1599.

(3) The revised official caption in 02–1569, –1576 is reflected above.

(4) Linear's response letter is due within 14 days. Maxim's letter and Linear's letter will be provided to the merits panel that is assigned to hear their appeals.